UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **CHEVRON U.S.A. INC.**, | )<br>) |
| Plaintiff, | ) No.<br>) |
| v. | ) **COMPLAINT**<br>) (Unfair Competition; Trademark |
| **FREDERIC M. TRIER**; **CHAN K. HO**; and **RYUN HEA (AKA HEA RYUN HO)**; all individually and doing business as **HALLER LAKE TEXACO**, | ) Infringement and Dilution; Deceptive<br>) and Unlawful Trade Practices)<br>)<br>)<br>) |
| Defendants. | ) |

Plaintiff Chevron U.S.A. Inc. ("Chevron") states the following for its complaint against Frederic M. Trier, Chan K. Ho, Ryun Hea (aka Hea Ryun Ho), all individually and doing business as Haller Lake Texaco ("Defendants"):

1. This is an action for unfair competition, trademark infringement and dilution, deceptive trade practices and unlawful trade practices arising out of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (2002), ("Lanham Act"); Washington's Trademark Laws, RCW 19.77.010 et seq., the Washington Consumer Protection Act, RCW 19.86.020, and the common law.

2. Defendants are marketing and selling gasoline products, convenience store services, and/or automobile-related services under trademarks and/or trade dress that are confusingly similar to Chevron's trademarks and/or trade dress as set forth below.

COMPLAINT - 1

Defendants' use of the trademarks and/or trade dress is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Chevron, or as to the origin of Defendants' services, or as to their sponsorship or approval by Chevron, and is likely to dilute the distinctive quality of Chevron's trademarks and/or trade dress.

## THE PARTIES

3.  Chevron is a corporation duly organized and existing under the laws of Pennsylvania, and maintains its principal place of business in San Ramon, California. Chevron is engaged in every aspect of the oil and natural gas industry including but not limited to, the retail sale of fuel and lubricants. Chevron markets and sells its products under different brands, including TEXACO. Chevron operates over 1,600 service stations under the TEXACO brand in the United States.

4.  Upon information and belief, Defendants, individually, and doing business as Haller Lake Texaco, are the owners and/or operators of real property located at 13401 Roosevelt Way N, Seattle, Washington, 98133. Upon information and belief, each of these included Defendants are Washington residents. Upon information and belief, on that property, Defendants own and/or operate, either separately or together, a commercial establishment which offers or offered gasoline products, convenience store services, and/or automobile-related services. Upon information and belief, the products and/or services sold under the infringing trademarks and/or trade dress in this action, unless otherwise indicated, are sold and/or distributed at this Seattle address.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338, and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

6.  This Court has personal jurisdiction over Defendants under 28 U.S.C. § 1331 because, on information and belief, Defendants have distributed or sold merchandise under

COMPLAINT - 2

the infringing trademarks and/or trade dress in this state, has engaged in acts or omissions within this state causing injury, has engaged in acts or omissions outside of this state causing injury within this state, has manufactured or distributed products used or consumed within this state in the ordinary course of trade, or has otherwise made or established contacts with this state sufficient to permit the exercise of personal jurisdiction.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

8. Chevron is one of the world's leading energy companies. In 2001, Chevron merged with Texaco Inc. and thereby acquired ownership of the TEXACO brand. From 2001 through June 30, 2006, Equilon LLC, and its later assignee, Shell Oil Co., had a limited license to use the TEXACO brand in the United States, which included the right to sublicense the TEXACO brand under various terms and conditions. On June 30, 2006, Shell Oil Co.'s license to use the TEXACO brand ceased, including any right to sublicense the TEXACO brand. As a result, effective June 30, 2006, Chevron held the exclusive right to the TEXACO brand in the United States. TEXACO branded fuel and/or other automobile-related products and services have been sold in commerce for more than 100 years. The TEXACO brand has grown into one of the most trusted and familiar brands in the world. The TEXACO brand encompasses several different trademarks and trade dress, including those listed below (collectively, the "TEXACO marks"); each of which is owned or licensed by Chevron:

- Federal trademark registration, No. 794947, issued by the United States Patent and Trademark Office on or about August 24, 1985, for the mark (words only) TEXACO. Affidavits have been filed pursuant to sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration is attached as Exhibit A.

- Federal trademark registration, No. 1209440, issued by the United States Patent and Trademark Office on or about

COMPLAINT - 3

September 21, 1982, for the mark (words only) TEXACO. Affidavits have been filed pursuant to sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration is attached as Exhibit B.

- Federal trademark registration, No. 1222305, issued by the United States Patent and Trademark Office on or about January 4, 1983, for the Star T design. Affidavits have been filed pursuant to sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration is attached as Exhibit C.

- Federal trademark registration, No. 1222306, issued by the United States Patent and Trademark Office on or about January 4, 1983, for the Star T design. Affidavits have been filed pursuant to sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration is attached as Exhibit D.

- Federal trademark registration, No. 1315019, issued by the United States Patent and Trademark Office on or about January 15, 1985, for the Star T design. Affidavits have been filed pursuant to sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration is attached as Exhibit E.

- Federal trademark registration, No. 1315020, issued by the United States Patent and Trademark Office on or about January 15, 1985, for the Star T design. Affidavits have been filed pursuant to sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration is attached as Exhibit F.

- Federal trademark registration, No. 2251166, issued by the United States Patent and Trademark Office on or about June 08, 1999, for the Star 21 pump design, the mark consisting of "the configuration of a red and black gasoline pump". Affidavits have been filed pursuant to sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this

COMPLAINT - 4

registration is incontestable. A copy of the Certificate of Registration is attached as Exhibit G.

- Federal trademark registration, No. 2259016, issued by the United States Patent and Trademark Office on or about July 06, 1999, for the Star 21 canopy design, the mark consisting of "a red and black gasoline service station canopy with gray poles". Affidavits have been filed pursuant to sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration is attached as Exhibit H.

- Federal trademark registration, No. 2264612, issued by the United States Patent and Trademark Office on or about July 27, 1999, for the Star 21 building design: "a building with a red and black fascia and a T-star in a circle thereon, the remainder of the building painted silver and gray". Affidavits have been filed pursuant to sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration is attached as Exhibit I.

The TEXACO marks are non-functional and the public recognizes and understands that the TEXACO marks distinguish and identify Chevron products and services.

9. As a result of Chevron's promotion and sale of products under the TEXACO marks, the TEXACO marks have gained significant recognition and goodwill among the purchasing public.

10. The TEXACO marks are inherently distinctive with respect to the products and services sold under them.

11. Defendants are currently selling or in the past have sold fuel, convenience store products, and/or automobile-related services under marks or signage that are confusingly similar to one or more of the TEXACO marks without authorization or approval from Chevron at the gas station located at 13401 Roosevelt Way N, Seattle, Washington, 98133. Defendants' infringing activities include use of the signage and/or displays as displayed below:

COMPLAINT - 5





12. Defendants' activities are likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendants with Chevron, and as to the origin, sponsorship, or approval of Defendants' services or commercial activities.

COMPLAINT - 6

13. By causing such a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm to the goodwill symbolized by the TEXACO marks, for which Chevron has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement—15 U.S.C. § 1114)

14. Chevron realleges each of the allegations set forth in paragraphs 1 through 13 above.

15. Defendants' use of confusingly similar imitations of the TEXACO marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Chevron, or are associated or connected with Chevron, or have the sponsorship, endorsement or approval of Chevron.

16. Defendants have used marks confusingly similar to Chevron's federally registered TEXACO marks in violation of 15 U.S.C. § 1114, and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Chevron's goodwill and reputation as symbolized by the federally registered TEXACO marks, for which Chevron has no adequate remedy at law.

17. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Chevron's federally registered TEXACO marks to Chevron's great and irreparable injury.

18. Defendants have caused and are likely to continue causing substantial injury to the public and to Chevron, and Chevron is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

COMPLAINT - 7

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition—15 U.S.C. § 1125(a))

19. Chevron realleges each of the allegations set forth in paragraphs 1 through 18 above.

20. Defendants' infringement of the TEXACO marks constitutes a false designation of origin, or a false or misleading description or representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Chevron, or as to the origin of Defendants' services, or as to the sponsorship or approval of Defendants' services by Chevron.

21. Upon information and belief, Defendants have intentionally and willfully used the TEXACO marks in disregard of Chevron's rights.

22. Chevron is being damaged by Defendants' use of the TEXACO marks, and will continue to be damaged unless Defendants are restrained.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution—15 U.S.C. § 1125(c))

23. Chevron realleges each of the allegations set forth in paragraphs 1 through 22 above.

24. Chevron has extensively and continuously promoted and used the TEXACO marks in the United States and the marks have thereby become famous and well-known symbols of Chevron's goods and services.

25. Defendants are making commercial use of marks that dilute and are likely to dilute the distinctiveness of Chevron's TEXACO marks by eroding the public's exclusive identification of these famous marks with Chevron, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the mark to identify and distinguish goods and services.

COMPLAINT - 8

013000.0662/796270.1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

26. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Chevron's TEXACO marks to the great and irreparable injury of Chevron.

27. Defendants' conduct has caused, and is likely to continue causing, substantial injury to Chevron's goodwill and business reputation, and dilution of the distinctiveness and value of Chevron's famous and distinctive TEXACO marks, in violation of 15 U.S.C. § § 1125(c), 1116, and 1117.

**FOURTH CLAIM FOR RELIEF**

**(Washington State Trademark Dilution—RCW 19.77.010 et seq.)**

28. Chevron realleges each of the allegations set forth in paragraphs 1 through 27 above.

29. Defendants' acts set forth above violate Washington laws, and particularly RCW 19.77.010 et seq., in that Defendants have diluted the distinctive quality of the TEXACO marks causing irreparable harm to Chevron's goodwill and business reputation. Chevron is entitled to injunctive relief and to recover damages, costs, and reasonable attorneys' fees.

**FIFTH CLAIM FOR RELIEF**

**(Washington State Trademark Infringement—RCW 19.77.140)**

30. Chevron realleges each of the allegations set forth in paragraphs 1 through 29 above.

31. Defendants have been and are passing off their goods as those of Chevron, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Chevron, and otherwise damaging the public. Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of Washington's Trademark Laws, RCW 19.77.140.

COMPLAINT - 9

32. Defendants' unauthorized use of confusingly similar imitations of the TEXACO marks has caused and is likely to cause substantial injury to the public and to Chevron, and Chevron is entitled to injunctive relief and to recover damages, costs, and reasonable attorneys' fees.

### SIXTH CLAIM FOR RELIEF

**(Common Law Unfair Trade Practices)**

33. Chevron realleges each of the allegations set forth in paragraphs 1 through 32 above.

34. Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of Chevron and its TEXACO marks unless restrained by this Court, as Chevron has no adequate remedy at law for this injury.

35. On information and belief, Defendants acted with full knowledge of Chevron's use of, and statutory and common law rights to, the TEXACO marks and without regard to the likelihood of confusion of the public created by Defendants' activities.

36. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the TEXACO marks to the great and irreparable injury of Chevron.

37. As a result of Defendants' acts, Chevron has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Chevron is entitled to injunctive relief, an accounting of Defendants' profits, damages, and costs. Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of the TEXACO marks, and the need to deter Defendants from similar conduct in the future, Chevron additionally is entitled to punitive damages.

COMPLAINT - 10

013000.0662/796270.1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## PRAYER FOR RELIEF

WHEREFORE, Chevron prays for judgment as follows:

1. That Defendants be preliminarily and permanently enjoined from using the TEXACO marks, or any confusingly similar variations thereof, and from engaging in any additional acts of unfair competition or dilution against Chevron;

2. That Chevron be awarded damages in an amount yet to be determined;

3. That Defendants be compelled to account to Chevron for all profits derived by their actions as alleged herein;

4. That Chevron be awarded damages for the injury to Chevron's reputation and goodwill, and damages for the injury from Defendants' false designation of origin, in an amount up to three times the actual damages sustained, pursuant to 15 U.S.C. § 1117;

5. That Chevron be awarded its reasonable attorneys' fees, disbursements, and costs of this action pursuant to 15 U.S.C. § 1117;

6. That Chevron be awarded prejudgment interest; and

7. That Chevron be awarded such other and further relief as this Court deems just and equitable.

DATED: August 26, 2009

LANE POWELL PC

By  /s/ Kenneth R. Davis II
    Randall P. Beighle, WSBA No. 13421
    Kenneth R. Davis II, WSBA No. 21928
Attorneys for Plaintiff Chevron U.S.A. Inc.

COMPLAINT - 11

# United States Patent Office

794,947
Registered Aug. 24, 1965

## PRINCIPAL REGISTER
### Service Mark

Ser. No. 197,441, filed July 8, 1964

## TEXACO

Texaco Inc. (Delaware corporation)
135 E. 42nd St.
New York, N.Y.

For: GAS STATION SERVICES, in CLASS 103.
First use 1911; in commerce 1911.
Owner of Reg. Nos. 300,073, 775,231, and others.

Int. Cl.: 4

Prior U.S. Cl.: 15

United States Patent and Trademark Office

Reg. No. 1,209,440
Registered Sep. 21, 1982

TRADEMARK
Principal Register

TEXACO

Texaco Inc. (Delaware corporation)
2000 Westchester Ave.
White Plains, N.Y. 10650

For: MOTOR AND AVIATION GASOLINES, JET FUELS, DIESEL FUELS, KEROSINES, FUEL OILS, HOME HEATING OILS, LUBRICATING OILS AND GREASES, in CLASS 4 (U.S. Cl. 15).
First use 1908; in commerce 1908.
Owner of U.S. Reg. Nos. 57,902, 812,793 and others.

Ser. No. 333,228, filed Oct. 19, 1981.

ROBERT M. ANDERSON, Primary Examiner

COMBINED SEC. 8 & 9
ACCEPTED
MAY 1 2003
MAY 6 2003
MAY 9 2003

Int. Cl.: 4

Prior U.S. Cl.: 15

Reg. No. 1,222,305

United States Patent and Trademark Office    Registered Jan. 4, 1983

RENEWAL    TRADEMARK
JUN 1 0 2003    Principal Register



Texaco Inc. (Delaware corporation)
2000 Westchester Ave.
White Plains, N.Y. 10650

For: GASOLINE, in CLASS 4 (U.S. Cl. 15).
First use Oct. 1, 1981; in commerce Oct. 1, 1981.
Owner of U.S. Reg. Nos. 76,131, 1,168,864 and others.

Ser. No. 342,674, filed Dec. 21, 1981.

PAUL F. GAST, Examining Attorney

EXHIBIT C
Page 1 of 1

Int. Cl.: 4

Prior U.S. Cl.: 15

United States Patent and Trademark Office

Reg. No. 1,222,306
Registered Jan. 4, 1983

TRADEMARK
Principal Register



Texaco Inc. (Delaware corporation)
2000 Westchester Ave.
White Plains, N.Y. 10650

For: GASOLINE, in CLASS 4 (U.S. Cl. 15).
First use Oct. 1, 1981; in commerce Oct. 1, 1981.
Owner of U.S. Reg. Nos. 76,131, 1,168,864 and others.

Ser. No. 342,675, filed Dec. 21, 1981.

PAUL F. GAST, Examining Attorney

EXHIBIT D
Page 1 of 1

Int. Cl.: 37

Prior U.S. Cl.: 103

**United States Patent and Trademark Office**

Reg. No. 1,315,019
Registered Jan. 15, 1985

## SERVICE MARK
Principal Register



Texaco Inc. (Delaware corporation)
2000 Westchester Ave.
White Plains, N.Y. 10650

For: GAS STATION SERVICES, in CLASS 37 (U.S. Cl. 103).
First use Oct. 1, 1981; in commerce Oct. 1, 1981.
Owner of U.S. Reg. Nos. 1,222,303 and 1,222,305.

Ser. No. 473,796, filed Apr. 4, 1984.

SALLY BETH BERGER, Examining Attorney

EXHIBIT E
Page 1 of 1

Int. Cl.: 37

Prior U.S. Cl.: 103

United States Patent and Trademark Office

Reg. No. 1,315,020
Registered Jan. 15, 1985

## SERVICE MARK
Principal Register



TEXACO

Texaco Inc. (Delaware corporation)
2000 Westchester Ave.
White Plains, N.Y. 10650

Ser. No. 473,797, filed Apr. 4, 1984.

For: GAS STATION SERVICES, in CLASS 37
(U.S. CL. 103).
First use Oct. 1, 1981; in commerce Oct. 1, 1981.
Owner of U.S. Reg. Nos. 1,222,304 and 1,222,306.

SALLY BETH BERGER, Examining Attorney

EXHIBIT F
Page 1 of 1

Int. Cl.: 37

Prior U.S. Cls.: 100, 103 and 106

**United States Patent and Trademark Office**

Reg. No. 2,251,166

Registered June 8, 1999

## SERVICE MARK
## PRINCIPAL REGISTER



TEXACO INC. (DELAWARE CORPORATION)
2000 WESTCHESTER AVENUE
WHITE PLAINS, NY 10650

   FOR: GAS STATION SERVICES, IN CLASS 37 (U.S. CLS. 100; 103 AND 106).
   FIRST USE 3-9-1996; IN COMMERCE 3-9-1996.
   THE DRAWING IS LINED FOR THE COLOR RED. THE STIPPLING IS FOR SHADING PURPOSES.

   THE MARK CONSISTS OF THE CONFIGURATION OF A RED AND BLACK GASOLINE PUMP. THE DOTTED LINES REPRESENT THE POSITIONING OF THE GAS DISPENSING UNIT, THE HOSE, AND THE HOSE HANDLE AND ARE NOT PART OF THE MARK.

   SER. NO. 75-422,784, FILED 1-26-1998.

KENNETH D. BATTLE, EXAMINING ATTORNEY

Int. Cl.: 37

Prior U.S. Cls.: 100, 103 and 106

Reg. No. 2,259,016

United States Patent and Trademark Office    Registered July 6, 1999

## SERVICE MARK
## PRINCIPAL REGISTER



TEXACO INC. (DELAWARE CORPORATION)
2000 WESTCHESTER AVENUE
WHITE PLAINS, NY 10650

   FOR: GAS STATION SERVICES, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).
   FIRST USE 3-9-1996; IN COMMERCE 3-9-1996.
   OWNER OF U.S. REG. NOS. 1,222,305, 1,315,019 AND OTHERS.
   THE DRAWING IS LINED FOR THE COLORS RED AND GRAY.

   THE MARK CONSISTS OF A RED AND BLACK GASOLINE SERVICE STATION CANOPY WITH GRAY POLES. THE DOTTED OUTLINE OF THE CANOPY AND THE POLES IS NOT PART OF THE MARK BUT IS MERELY INTENDED TO SHOW THE POSITION OF THE MARK.

   SER. NO. 75-422,677, FILED 1-26-1998.

KENNETH D. BATTLE, EXAMINING ATTORNEY

Int. Cl.: 37

Prior U.S. Cls.: 100, 103 and 106

**United States Patent and Trademark Office**

Reg. No. 2,264,612
Registered July 27, 1999

## SERVICE MARK
### PRINCIPAL REGISTER



TEXACO INC. (DELAWARE CORPORATION)
2000 WESTCHESTER AVENUE
WHITE PLAINS, NY 10650

   FOR: AUTOMOBILE SERVICE, STATION SERVICES; AUTOMOTIVE MAINTENANCE AND REPAIR SERVICES; AUTOMOTIVE LUBRICATION AND OIL CHANGE SERVICES, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).
   FIRST USE 3-9-1996; IN COMMERCE 3-9-1996.
   OWNER OF U.S. REG. NOS. 1,222,305, 1,315,019 AND OTHERS.
   THE MARK IS LINED FOR THE COLORS RED, SILVER AND DARK GRAY. THE STIPPLING IS FOR SHADING PURPOSES.

   THE MARK CONSISTS OF THE CONFIGURATION OF A BUILDING WITH A RED AND BLACK FASCIA AND A T-STAR IN A CIRCLE THEREON, THE REMAINDER OF THE BUILDING PAINTED SILVER AND GRAY. THE DOTTED OUTLINES OF THE DOORS AND SIDE OF THE BUILDING IS NOT PART OF THE MARK BUT MERELY INTENDED TO SHOW THE POSITION OF THE MARK.

SER. NO. 75-466,685, FILED 4-13-1998.

DOMINICK J. SALEMI, EXAMINING ATTORNEY

EXHIBIT I
Page 1 of 1